Argued and submitted July 15, reversed and remanded August 26, 1987

## STATE OF OREGON,
*Appellant,*

*v.*

## RANDY LEE GODDARD,
*Respondent.*

(86-61126; CA A43428)

741 P2d 540

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James M. O'Kief, Springfield, argued the cause for respondent. With him on the brief was Morris & O'Kief, Springfield.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

In this DUII case, the state appeals from a pretrial order suppressing evidence of the results of an Intoxilyzer test. We reverse.

After Sergeant Hein had arrested defendant, and while they were enroute to the jail, defendant put chewing tobacco in his mouth. He spat out most of it after arriving at the jail. Hein watched defendant for more than 15 minutes before giving him the test. During that time, defendant put nothing in his mouth, and Hein denied his request to rinse out his mouth. Defendant had bits of chewing tobacco in his mouth during the test.

The court granted defendant's motion to suppress the results of the test on the ground that OAR 257-30-020(1)(b) required Hein to allow defendant to rinse the tobacco from his mouth. The rule provides:

> "The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test."

Nothing in the rule requires that a DUII suspect be allowed to rinse his mouth during the pre-test waiting period. In fact, the rule prohibits that.

Reversed and remanded.